IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS PENSION FUND AND BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS WELFARE FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>NAAL PLUMBING AND HEATING CO., an Illinois corporation,<br><br>    Defendant. | No.<br><br>Judge<br><br>Magistrate Judge<br><br>**FILED: AUG. 07, 2008**<br>**08CV4472**<br>**JUDGE DER-YEGHIAYAN**<br>**MAGISTRATE JUDGE KEYS**<br>**AEE** |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, NAAL PLUMBING AND HEATING CO., as follows:

### COUNT 1

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS PENSION FUND AND BOARD OF

TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS WELARE FUND, ("the Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

  (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers & Pipefitters Local 422 and its affiliated local (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

  (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

  4. (a) Defendant, NAAL PLUMBING AND HEATING CO. (**"NAAL"**) is an Illinois corporation and is an employer engaged in an industry affecting commerce.

  5. Since on or about October 8, 2007, **NAAL** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit "A")

  6. By virtue of certain provisions contained in the collective bargaining agreements, **NAAL** is bound by the Trust Agreement establishing the Funds.

  7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **NAAL** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since October 8, 2007, **NAAL** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds and by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. Plaintiffs are advised and believe that for **October 8, 2007 to the present, NAAL** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. **NAAL** be ordered to submit to an audit for **October 8, 2007 to the present**.

B. Judgment be entered against **NAAL** and in favor of Plaintiffs, in the amount shown to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **NAAL** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

    E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

                Respectfully submitted,

                **BOARD OF TRUSTEES OF THE LOCAL**
                **UNION NO. 422 U.A. OF JOLIET, et al.**


             By: <u>s/ Donald D. Schwartz</u>
                One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Boulevard
Chicago, IL 60604
(312) 236-0415

## MEMORANDUM OF AGREEMENT

This Agreement is entered into between Plumbers and Pipefitters Local 422 ("the Union") and __Naal Plumbing & Heating Company__ (the Employer):

1. Employer hereby recognizes the Union as the sole and exclusive collective bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union with respect to wages, hours of work, fringe benefits and all other terms and conditions of employment in the geographic jurisdiction of Local 422, including all portions of Will, Grundy, Kankakee, Iroquois, LaSalle, Bureau, Putnam, Marshall, Livingston and Woodford counties and whatever additional jurisdiction may be awarded by the United Association and such other work which the Union may hereafter acquire jurisdiction.

2. The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's plumbers and/or pipefitters, apprentices, helpers, service and maintenance and residential employees and the Union showed or did offer to show an evidentiary basis of its majority support, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent a majority of these employees in accordance with Section 9(a) of the National Labor Relations Act without the need for a Board Certified Election. Employer waives the right to file for such election.

3. The Employer affirms it is bound to the Collective Bargaining Agreements between the Union and the Plumbing and Mechanical Contractors Association, Joliet and all subsequent amendments thereto for the period June 1, __2005__ through May 31, __2008__ which are incorporated by reference herein.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Training and Industry Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such Funds which are incorporated herein.

5. This Agreement shall become effective upon signature and shall remain in full force and effect through May 31, __2008__ and continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto of the desire to modify, amend or terminate this agreement through negotiations. In the absence of such notice, the Employer shall be bound to the newly negotiated area wide Agreement between the Union and the Associations with all improvements, modifications and amendments thereto and incorporating them herein for the life of the newly negotiated Association agreement and any extensions thereof.

6. This document is the complete written agreement between the parties and can only be amended in writing. No other oral representations shall be binding on either party nor shall they rely upon such oral statements that vary their terms of the written contract.

7. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.

IN WITNESS WHEREFORE, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this __8th__ day of __October 2007__.

EMPLOYER: __Naal Plumbing & Heating Company__

_/s/ Gary Blankenship_
Gary Blankenship
Business Manager
Plumbers & Pipefitters Local 422

NAME & TITLE (PRINT): __William J. Naal Vice-President__

ADDRESS: __299 Republic Ave.__

__Joliet, IL 60435__

SIGNATURE: __/s/ William Naal__

WHITE – Office Copy     CANARY – Employer's Copy     PINK – Fringe Benefit Office Copy

EXHIBIT A